UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL LEE SHEEHAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR-JAMESTOWN, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-02060-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DENIAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 14) |

　　　Plaintiff Randall Lee Sheehan is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 18, 2013, Plaintiff filed the instant motion to prevent future retaliation by the California Department of Corrections and Rehabilitation at Corcoran State Prison.  (ECF No. 14.)

　　　Plaintiff's request is a form of injunctive relief.  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

1  For each form of relief sought in federal court, Plaintiff must establish standing. *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010), cert.denied, 131 S. Ct. 503 (2010). To seek injunctive relief, Plaintiff must "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Institute*, 129 S. Ct. 1142, 1149 (2009) (citation omitted); *Mayfield*, 599 F.3d at 969 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Valley Forge Christian Coll.*, 454 U.S. at 471; also *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The Prison Litigation Reform Act also places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy at Corcoran State Prison bears no relation to his claim that his due process rights were violated by Lt. E. Cervantes at CDCR-Jamestown. *Lyons*, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also *Summers*, 129 S. Ct. at 1148-49; *Steel Co.*, 523 U.S. at 102-04, 107. Because the case-or-controversy requirement cannot be met, the pendency of this action provides no basis upon which to award Plaintiff injunctive relief. *Steel Co.*, 523 U.S. at 102-103.

Accordingly, it is recommended that Plaintiff's motion for preliminary injunctive relief, filed November 1, 2012, be DENIED with prejudice for lack of jurisdiction.

1  These findings and recommendations shall be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with the findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 21, 2013**           /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE