UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL LEE SHEEHAN,<br><br>Plaintiff,<br><br>v.<br><br>CDCR-JAMESTOWN, et al.,<br><br>Defendants. | Case No.: 1:12-cv-02060-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Randall Lee Sheehan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 1, 2012. The matter was transferred to this Court on December 19, 2012. Plaintiff's complaint is currently before the Court for screening.

**I.      Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is housed at the California Substance Abuse Treatment Facility in Corcoran, California. The events alleged in his complaint occurred while Plaintiff was housed at CDCR-Jamestown. Plaintiff names Correctional Lieutenant Cervantes and CDCR-Jamestown as defendants.

Plaintiff alleges as follows:

> In this case, the SHO inappropriately entered a plea of "Guilty" based on the inmate (Randy Sheehan) not entering a plea. Furthermore in the Findings Section it is noted, "The above referenced report and Sheehan's plea and statement" the TLR notes that the appellant did not plea and did not make a statement. The TLR finds the aforementioned statement to be a due process violation because the "Guilty" plea was used as evidence against the appellant in the hearing to determine guilt. The crime of violating my due process right was committed by Lt. Cervantes.

(ECF No. 1, p. 3.)

Plaintiff seeks damages, along with declaratory and injunctive relief.

**III.   Discussion**

Plaintiff's complaint is cursory and difficult to understand.  However, Plaintiff's complaint references a "TLR," which is attached to his complaint.  The attached document is entitled "Third Level Appeal Decision" dated September 11, 2002.  It includes findings at the "Third Level of Review (TLR)" related to an appeal filed by Plaintiff regarding a Rules Violation Report.  (ECF No. 1, p. 5.)

According to the document, Plaintiff submitted an appeal related to CDC Form 115, Rules Violation Report (RVR), Log #11-11-B-15, dated November 11, 2011, for Possession of an Inmate Manufactured Syringe.  Plaintiff claimed that he did not plead "guilty" and requested that the RVR be dismissed in part due to a due process violation.  At the Third Level of Review, the appeals examiner found good cause to modify the findings of the RVR and partially granted Plaintiff's appeal.  The TLR's findings mirror the statements in Plaintiff's complaint and read as follows:

> In this case, the SHO inappropriately entered a plea of "guilty" based on the inmate not entering a plea.  Furthermore, in the findings section it is noted, "The above referenced report and Sheehan's plea and statement . . . ."  The TLR notes that the appellant did not plea and did not make a statement.  The TLR finds the aforementioned statement to be a due process violation because the "guilty" plea was used as evidence against the appellant in the hearing to determine guilt.  Based upon the aforementioned due process error, the TLR finds good cause to intervene.

(ECF No. 1, p. 5.)  Based on the findings, the Sierra Conservation Center was ordered to reissue and rehear the RVR Log#11-15-B-15, dated November 11, 2011, properly addressing the appellant's plea and statement.

Plaintiff has not stated a cognizable section 1983 due process claim.  Plaintiff's complaints about the due process violations found at the TLR are moot because Plaintiff was granted a second hearing at the TLR after he submitted his appeal.  See Harper v. Lee, 938 F.2d 104, 105 (8th Cir. 1991) (section 1983 action holding prisoner was not denied due process because he was granted rehearing); Batanic v. Immigration and Naturalization Serv., 12 F.3d 662, 667 (7th Cir. 1993) ("Generally speaking, procedural errors are cured by holding a new hearing in compliance with due process requirements."); Coleman v. Palacios, 2009 WL 2985042, *6 (C.D. Cal. 2009) (section 1983

due process claim subject to dismissal because error was cured in the administrative appeal process). This deficiency cannot be cured by amendment.

### IV. Conclusion and Recommendation

Based on the above, it is HEREBY RECOMMENDED that this action be DISMISSED based on Plaintiff's failure to state a cognizable section 1983 due process claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 4, 2013**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

4